In re ) Case No. _____
)
) NOTICE OF ***PRELIMINARY***
) HEARING ON MOTION
)    FOR USE OF CASH COLLATERAL
)    TO OBTAIN CREDIT
Debtor(s) ) *(Check One)*

YOU ARE NOTIFIED THAT:

1.    The undersigned moving party, _____, filed a Motion    For Use of Cash Collateral    To Obtain Credit *(check one)*. A copy of the motion is attached; and it includes BOTH (i) the statement required by Local Form #541.7, and (ii) the following allegations:

    a.  The immediate and irreparable harm that will come to the estate pending a final hearing is _____.

    b.  The amount of    cash collateral    credit *(check one)* necessary to avoid the harm detailed above prior to the final hearing is _____.

2.    The name and service address of the moving party's attorney (or moving party, if no attorney) are: _____.

3.    A ***PRELIMINARY*** HEARING on the motion WILL BE HELD ON _____ AT _____ IN _____.
Testimony will be received if offered and admissible.

4.    If you wish to object to the motion, you must do one or both of the following: (1) attend the preliminary hearing; and/or (2) file with the Clerk of Court (i.e., if the 5-digit portion of the Case No. begins with "3" or "4", mail to 1001 SW 5th Ave. #700, Portland OR 97204; OR if it begins with "6" or "7", mail to 405 E 8th Ave #2600, Eugene OR 97401), a written response, which states the facts upon which you will rely and, if the response is filed within three business days before the hearing, notify the judge's chambers by telephone immediately after filing the document, as required by LBR 9004-1(b). See Local Form #541.51 for details.

5.    On _____ copies of BOTH this notice AND the motion were served pursuant to FRBP 7004 on the debtor(s); any debtor's attorney; any trustee; any trustee's attorney; members of any committee elected pursuant to 11 U.S.C. §705; any Creditors' Committee Chairperson [or, if none serving, on all creditors listed on the list filed pursuant to FRBP 1007(d)]; any Creditors' Committee attorney; the U.S. Trustee; and all affected lien holders whose names and addresses used for service are as follows:

_____
Signature

_____
(If debtor is movant) Debtor's Address & Taxpayer ID#(s) (last 4 digits)

541.1 (12/1/13)    **LOCAL FORM #541.51 ATTACHED IF this NOTICE served on PAPER**

<u>MOTIONS AND *PRELIMINARY* HEARINGS RE USE OF CASH COLLATERAL, OR TO OBTAIN CREDIT</u>

1. <u>Motion</u> - Each motion must include the statement required by [Local Form #541.7](#).

2. <u>Notice of *PRELIMINARY* Hearing on Motion</u> - The moving party shall <u>COMPLETELY</u> fill out [Local Form #541.1](#) [NOTE: LOCAL FORM #541.1 REQUIRES YOU TO OBTAIN THE DATE, TIME AND ADDRESS OF HEARING FROM THE COURT <u>BEFORE</u> SERVICE!]

3. <u>Service of Motion AND Notice</u> - The moving party shall SIMULTANEOUSLY serve copies of <u>BOTH</u> the motion AND the NOTICE ([Local Form #541.1](#)) on all of the parties listed in pt. 5 of the Notice.

   **NOTE:  THIS SERVICE SHALL BE MADE WITHIN A REASONABLE TIME PRIOR TO THE HEARING BY GIVING TELEPHONIC OR OTHER ACTUAL NOTICE OF THE HEARING DATE, TIME AND LOCATION TO ALL PARTIES REQUIRING NOTICE (INCLUDING THE U.S. TRUSTEE), <u>OR ELSE</u> THE COURT SHALL BE NOTIFIED AND A NEW DATE, ETC. REQUESTED.  SANCTIONS MAY BE IMPOSED FOR FAILURE TO COMPLY!**

4. <u>Filing of Motion AND Notice with Clerk's Office</u> - On the same date as copies are served as provided in pt. 5 of the Notice, the moving party will mail to, or directly file with, the Clerk of Court <u>BOTH</u>:  (a) the completely filled out original Notice of Motion WITH (b) the original Motion <u>attached</u> thereto.

541.51 (12/18/06)

In re  Invest n Retire, LLC;
Chapter 11 Bankruptcy Case No. 14-30772-tmb11
Service List

Invest n Retire, LLC
Attn:  Darwin K. Abrahamson,
Manager
506 SW 6th Ave., Ste. 1200
Portland, OR  97204

**20 Largest Unsecured
Creditors:**

506 Wilcox LLC
ATTN: Jason Casey
621 SW Alder St Suite 800
Portland, OR 97205

Advanta Credit Cards
PO Box 9217
Old Bethpage, NY 11804

Assured Technology Solutions
4800 Meadows Rd. Suite 200
Lake Oswego, OR 97035

Bette Harmon
PO Box 895
Depoe Bay, OR 97341

Capital One Bank N.A.
PO Box 60599
City of Industry, CA 91716-0599

Capital One Bank N.A.
PO Box 60599
City of Industry, CA 91716-0599

Carney Allen Higgins & Tongue
ATT: Shannon Japport
851 SW 6th Ave Suite 1500
Portland, OR 97204

Cox Smith Matthews Inc.
ATTN: Court Allen
112 East Pecan St Suite 1800
San Antonio, TX 78205

Eric Schroeder
c/o Nicholas Henderson
Motschenbacher & Blattner, LLP
117 SW Taylor St, #200
Portland, OR 97204

InR Advisory Services
c/o Michael B. Glackin
115 W State St.
Media, PA 19063

John E. Herzog
824 Harbor Road
Southport, CT 06890

Joseph Childrey
1665 Union St., Suite A
San Diego, CA 92101

Kalyan Ganesan
506 SW 6th Ave, Ste 1200
Portland, OR 97204

Kenneth Fish
3419 NE 242nd Avenue
Camas, WA 98607

Miller Nash
Attorneys at Law
3400 U.S. Bancorp Tower
111 SW 5th Ave
Portland, OR 97204

Office Depot
DEPT 56-6186578930
PO Box 689020
Des Moines, IA 50368-9020

Quarles & Brady LLP
ATTN: Matthew J. Duchemin
PO Box 2113
Madison, WI 53701-2113

Reed Foster
2414 Leimert Blvd
Oakland, CA 94602

Stanley Kampner
1270 Armsby Dr.
Hillsborough, CA 94010

Stanley Kampner
c/o Laura J. Walker
CABLE HUSTON ET AL
1001 SW 5th Ave., Ste. 2000
Portland, OR  97204

Staples
PO Box 790439
Saint Louis, MO 63179

**Secured Creditors**:

Alfred R. Berkeley III
c/o John H. Booher, Esq.
Hogan Lovells US LLP
4085 Campbell Ave, #100
Menlo Park, CA 94025

Alfred R. Berkeley III
301 Northfield Pl
Baltimore, MD 21210-2817

Alfred R. Berkeley III
c/o Albert N. Kennedy
Tonkin Torp LLP
888 SW 5th Ave, 1600 Pioneer
Tower
Portland, OR 97204

Eric Schroeder
c/o Nicholas Henderson
Motschenbacher & Blattner, LLP
117 SW Taylor St, #200
Portland, OR 97204

Fortegra Financial Corporation
LOTSolutions, Inc.
c/o Michael Day, Assoc.
Gen. Counsel
10151 Deerwood Park Blvd, #330,
Bldg 100
Jacksonville, FL 32256

Lots Intermediate Co.
c/o Michael Day, Assoc.
Gen. Counsel
10151 Deerwood Park Blvd, #330,
Bldg 100
Jacksonville, FL 32256

LOTS Intermediate Co.
100 West Bay St
Jacksonville, FL 32202

LOTSolutions, Inc.
c/o Reg. Agt - National Corporate
Research, LTD, Inc.
155 Office Plaza Dr.
Tallahassee, FL 32301

**Electronic Mail**:

The foregoing was served on all
CM/ECF participants through the
Court's Case Management/
Electronic Case File system.

Robert J Vanden Bos OSB #78100
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon  97204
TELEPHONE:  (503) 241-4869
FAX: (503) 241-3731

Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 14-30772-tmb11 |
| | ) | |
| Invest n Retire, LLC, | ) | MOTION FOR ORDER AUTHORIZING USING OF |
| | ) | CASH COLLATERAL OF DEBTOR-IN- |
| | ) | POSSESSION AND GRANTING ADEQUATE |
| Debtor-in-Possession. | ) | PROTECTION |

Debtor-in-Possession Invest n Retire, LLC, ("Debtor"), pursuant to Sections 105(a)

and 363 of the Bankruptcy Code, Bankruptcy Rule 4001, and LBR 4001-1.D., moves the

Court for entry of a final order authorizing use of cash collateral as defined by §363(a) of

the Bankruptcy Code ("Cash Collateral"), and, in support, represents and states as follows:

1.      On February 18, 2014 ("Petition Date"), Debtor commenced a reorganization

case by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy

Code.

2.      Pursuant to §§ 1107 and 1108 of the Code,  Debtor is authorized to

possession of its property and to operate and manage its business as a debtor-in-

possession.

///

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

## DEBTOR'S BUSINESS:

3.      Debtor is a limited liability company headquartered in Portland, Multnomah

County, Oregon.  Debtor provides record keeping and management services to custodians

of retirement accounts.  Debtor's customers pay for services on a quarterly basis.

## PARTIES WITH POTENTIAL INTERESTS IN CASH COLLATERAL:

4.      The following entities (the "Lien Creditors"), may claim a lien in the Cash

Collateral based upon the filings shown below:

| Creditor Name and Address | Instrument & Recording Date | Collateral Description |
|---|---|---|
| Eric Schroeder c/o Motschenbacher & Blattner, LLP 117 SW Taylor Street, Suite 200 Portland, OR 97204 | Sheriff's Notice of Levy Intangible Property dated 02/03/14 | Contracts and proceeds |
| Alfred R. Berkeley III 301 Northfield PL Baltimore, MD 21210 | UCC-1 (Delaware) | Patents, patents pending; and other IP; proceeds from use of proprietary software, cash proceeds from the foregoing. |
| Lots Intermediate Co. 100 West Bay St. Jacksonville, FL 32202 | UCC-1 (Delaware) | Patents, patents pending; and other IP; proceeds from use of proprietary software, cash proceeds from the foregoing. |
| LOTSolutions, Inc. c/o National Corporate Research, Ltd., Inc. Registered Agent 155 Office Plaza Drive Tallahassee, FL 32301 | | Same as Lots Intermediate Co. |
| Fortegra Financial Corporation c/o Michael Day, Assoc. Gen Counsel 10151 Deerwood Park Blvd, #330 Bldg. 100 Jacksonville, FL 32256 | | Same as Lots Intermediate Co. |
| Lots Intermediate Co. c/o Michael Day, Assoc. Gen Counsel re: LOTSolutions, Inc. 10151 Deerwood Park Blvd, #330 Bldg. 100 Jacksonville, FL 32256 | | Same as Lots Intermediate Co. |

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-30772-tmb11    Doc 33    Filed 03/12/14

5.      Debtor reasonably believes the amounts owed to Lien Creditors are approximately as follows:

| LIEN CREDITOR | AMOUNT |
|---|---|
| Eric Schroeder (plus interest at 9% per annum from 05/01/2012, until paid in full) | $185,000.00 |
| Alfred R. Berkeley III (plus interest) | $495,000.00 |
| Lots Intermediate Co. (plus interest) | $50,000.00 |
| LOTSolutions, Inc. (See Lots Intermediate Co. above) | |
| Fortegra Financial Corporation (See Lots Intermediate Co. above) | |
| TOTAL: | |

6.      Other than the Lien Creditors noted above, Debtor is not aware of any parties holding an interest in Cash Collateral.

7.      To preserve the value of Debtor as a going concern, Debtor requires the use of the ongoing payments under service contracts with its customers and cash generated from its business to pay its operating expenses.

8.      On the Petition Date, Debtor was owed $24,095 for services performed prepetition, calculated on a pro-rata basis for the first quarter. Debtor will be paid a total of $44,256 during the first week of April, 2014 for services provided to its customers during the first quarter of 2014. Although Debtor does not concede that the entire $44,256 represents "cash collateral," for purposes of this motion Debtor seeks approval to use $44,256 collected from customers as if the entire sum constitutes cash collateral. Debtor proposes to use the sum of $44,256 on the terms set forth in the proposed Final Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A**. Debtor's projected

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-30772-tmb11    Doc 33    Filed 03/12/14

operating expense budget through July 31, 2014 is attached to **Exhibit A** marked **Exhibit 1**, respectively (the "Budget").

9.      Debtor  is unable pursuant to §364 (a) or (b) of the Code, to obtain unsecured credit allowable under §503 (b)(1) of the Code as an administrative expense.

10.     Allowing Debtor to use Cash Collateral on the terms set forth in the proposed Final Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A** will preserve Debtor's going concern value, maximize the value of the Debtor's assets for the estate, will increase the probability of successful reorganization, and is in the best interests of the creditors and this estate.

11.     Without the use of Cash Collateral, Debtor has insufficient funds to meet its expenses as itemized in **Exhibit 1**.  Debtor has an immediate need for Cash Collateral to pay its operating expenses and to provide deposits to utilities as needed under 11 U.S.C. §366, which will preserve the value of its business.

12.     The proposed order on this motion does not contain any of the "disfavored provisions" listed in LBF #541.7.

### PROPOSED TERMS OF CASH COLLATERAL ORDER:

13.     Debtor further proposes that its authority to use Cash Collateral be limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtor may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the aggregate budget variance shall not exceed fifteen percent (15%) of the total projected expenditures under the Budget for that Budget period.

### PROPOSED ADEQUATE PROTECTION:

14.     Notwithstanding anything to the contrary contained in Section 552(a) of the Code, as adequate protection for, and to secure payment of, an amount equal to the

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-30772-tmb11    Doc 33    Filed 03/12/14

aggregate diminution (from the petition date) in the value of the property of Debtor to which any of the liens of the parties identified in paragraph 5 herein shall have attached, and as security for and an inducement to said parties to permit use of Cash Collateral, Debtor proposes to grant to each of them the following protection:

a.      A replacement lien on all of the post-petition property of the same nature and kind in which each of them has a pre-petition lien or security interest.  The replacement liens shall have the same relative priority vis-á-vis one another as existed on the petition date with respect to the original liens.

b.      To the extent necessary, a replacement lien in Debtor's assets including, but not limited to, Debtor's patents and patents pending, software and other intellectual property.

Lien Creditors are adequately protected for use of the cash collateral by a substantial equity cushion.  Debtor's patents, patents pending, software and other intellectual products are believed to be worth serval times the amounts of the creditor's claims.  A significant equity cushion is in and of itself sufficient adequate protection to support a Debtor's request or use of cash collateral.  See In re Mellor, 734 F2d 1396 (9th Cir, 1984) where the Court implied that an equity cushion of 10% is sufficient to adequately protect a secured creditor for use of the secured creditor's cash collateral.  Relying on Mellor, the Ninth Circuit Appellate Panel has found that adequate protection existed where an 11.45% equity cushion existed:  See  In re Boulders on the River, Inc., 164 B.R. 99 (9th Cir. B.A.P. 1994).

Here, with the addition of the replacement lien in the patent, patents pending, software and other intellectual property, each Lien Creditor holds an equity cushion of several times the value of their claims, which more than adequately protects the Lien

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Creditors for any risk of loss associated with the use of the relatively nominal amounts of cash collateral.

## NOTICE:

15. The U.S. Trustee has filed a notice that the U.S. Trustee has been unable to form a creditors' committee under §1102 of the Code. Debtor has given notice, as required by Bankruptcy Rule 4001, of this motion.

WHEREFORE, Debtor moves for a Final Order Authorizing the Use of Cash Collateral on the terms set forth in **Exhibit A** attached hereto and Granting Adequate Protection.

Respectfully submitted;

VANDEN BOS & CHAPMAN, LLP


By:/s/Robert J Vanden Bos
    Robert J Vanden Bos, OSB #78100
    Of Attorneys for Debtor-in-Possession

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-30772-tmb11    Doc 33    Filed 03/12/14

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 14-30772-tmb11 |
| | ) | |
| Invest n Retire, LLC, | ) | INTERIM ORDER AUTHORIZING |
| | ) | USE OF CASH COLLATERAL |
| Debtor-in-Possession. | ) | |

THIS MATTER came before the Court on _____, 2014 on the motion

of Debtor-in-Possession, Invest n Retire, LLC, ("Debtor"), for authority to use cash

collateral, due and adequate notice under the circumstances having been given, and

the Court otherwise being fully advised,

The Court finds that the following entities (the "Lien Creditors") may claim a lien

in the Cash Collateral based upon the filings shown below:

| Creditor Name and Address | Instrument & Recording Date | Collateral Description |
|---|---|---|
| Eric Schroeder c/o Motschenbacher & Blattner, LLP 117 SW Taylor Street, Suite 200 Portland, OR 97204 | Sheriff's Notice of Levy Intangible Property dated 02/03/14 | Contracts and proceeds |

Case 14-30772-tmb11    Doc 33    Filed 03/12/14

| Creditor Name and Address | Instrument & Recording Date | Collateral Description |
|---|---|---|
| Alfred R. Berkeley III<br>301 Northfield PL<br>Baltimore, MD 21210 | UCC-1<br>(Delaware) | Patents, patents pending; and other IP; proceeds from use of proprietary software, cash proceeds from the foregoing. |
| Lots Intermediate Co.<br>100 West Bay St.<br>Jacksonville, FL 32202 | UCC-1<br>(Delaware) | Patents, patents pending; and other IP; proceeds from use of proprietary software, cash proceeds from the foregoing. |
| LOTSolutions, Inc.<br>c/o National Corporate Research, Ltd., Inc.<br>Registered Agent<br>155 Office Plaza Drive<br>Tallahassee, FL 32301 | | Same as Lots Intermediate Co. |
| Fortegra Financial Corporation<br>c/o Michael Day,<br>Assoc. Gen Counsel<br>10151 Deerwood Park Blvd, #330<br>Bldg. 100<br>Jacksonville, FL 32256 | | Same as Lots Intermediate Co. |
| Lots Intermediate Co.<br>c/o Michael Day,<br>Assoc. Gen Counsel<br>re: LOTSolutions, Inc.<br>10151 Deerwood Park Blvd, #330<br>Bldg. 100<br>Jacksonville, FL 32256 | | Same as Lots Intermediate Co. |

NOW, THEREFORE, it is ORDERED as follows:

1.     Debtor is authorized to use Cash Collateral of $44,256 for the period from April 1, 2014 through and including July 31, 2014 in accordance with the attached Budget (**Exhibit 1**).  Debtor's authority to use Cash Collateral is limited to the uses of cash collateral as set forth in the Budget.

2.     As adequate protection, each Lien Creditor is granted replacement liens upon all postpetition assets of the Debtor which are of the identical description to its prepetition collateral.

3.     Debtor shall provide the Lien Creditors its Monthly Operating Reports filed with the United States Trustee.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

4.    If, notwithstanding the adequate protection provided by the terms of this Order, any Lien Creditor has a claim allowable under 11 U.S.C. § 507(a)(2) arising from the stay of action against property of Debtor under 11 U.S.C. § 362, from the use, sale or lease of such property under 11 U.S.C. § 363, or from the granting of the replacement lien granted herein, then such Lien Creditor's claim under 11 U.S.C. § 507(a)(2) shall have priority over every other claim under such subsection as provided by 11 U.S.C. § 507(b).

5.    Nothing in this Order shall be construed to (a) prejudice a right of any party in interest (including Debtor) to contest the validity, priority or extent of the liens or security interests of any party in any collateral or in the proceeds thereof, as of, on or after the Petition Date; (b) grant a security interest in the debtor-in-possession or trustee's avoidance powers; (c) convert any pre-petition obligations into post-petition obligations; (d) require payment of any obligations on confirmation of a plan of reorganization; (e) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtor, or its assets or (f) enhance the secured position of any creditor as of the Petition Date.

6.    Debtor is authorized to execute and deliver to each Lien Creditor such instruments considered by a Lien Creditor to be necessary or desirable to perfect the security interests and liens given to a Lien Creditor herein (provided a Lien Creditor's security interest was perfected prior to the Petition Date), and each Lien Creditor is authorized to receive, file and record the same.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-30772-tmb11    Doc 33    Filed 03/12/14

7.      Nothing contained in this Order shall constitute a determination as to the amount, validity or priority of any pre-petition obligation, security interest or lien and all rights or parties in interest to claim that any pre-petition lien or security interest in Debtor's property is unperfected, unenforceable, invalid or voidable, are reserved.  Additionally, nothing in this Order shall constitute an admission or acknowledgment by Debtor that any party has a valid or perfected lien in the cash collateral of Debtor now existing or subsequently received, and the references herein to "Cash Collateral" is without prejudice to all rights, defenses and claims of Debtor to contend that any party does not have a perfected lien or security interest in such "Cash Collateral."

8.      This Order does not contain any of the "disfavored provisions" listed in LBF 541.7, other than excusing the recording of new instruments to perfect the replacement liens hereunder.

9.      Debtor's authority to use Cash Collateral may be extended beyond the amount in Paragraph 1 or the Budget Period by mutual agreement of the Debtor and the Lien Creditors.  In the event of such agreement, Debtor may submit a further order extending Debtor's authority  to use Cash Collateral on the same terms and conditions as provided herein without an additional motion or hearing.  Notice of the proposed extension, including the applicable Budget, shall be provided to creditors and parties in interest with 14 days for filing objections thereto.  If no objections are received, the extension order will take effect upon its stated date of commencement.  If

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

objections are filed, the court will set a hearing upon the Debtor's requested extension of the authority to use Cash Collateral.

10.     A final hearing on the Motion shall be held in Courtroom #4 of the United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth Avenue, Portland, Oregon 97204, on _____, 2014 at __:__ _.m.

###

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

PRESENTED BY:

/s/Robert J Vanden Bos_____
Robert J Vanden Bos OSB #78100
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon  97204
Telephone:  (503) 241-4869
Fax: (503) 241-3731

        Of Attorneys for Debtor-in-Possession

**First Class Mail:**

See Attached List                         **Electronic Mail:**

                                          The foregoing was served on
                                          all CM/ECF participants
                                          through the Court's Case
                                          Management/Electronic Case
                                          File system.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

| | Feb-14 | Mar-14 | Apr-14 | May-14 | Jun-14 | Jul-14 | Total |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| Beginning Cash/carryforward as of 2/19/14 | 191 | | | | | | |
| | | | | | | | |
| Capital Contribution (From PENSCO Trust Co Custodian FBO Ken Fish) | 100,000 | 0 | 0 | 0 | 0 | 0 | 100,000 |
| Capital Contribution (Ken Fish) | 0 | 0 | 0 | 10,000 | 0 | 0 | 10,000 |
| Contract Revenue (paid quarterly) | 0 | 0 | 44,256 | 0 | 0 | 44,256 | 88,513 |
| **Monthly Income Totals** | **100,000** | **0** | **44,256** | **10,000** | **0** | **44,256** | **198,513** |
| | | | | | | | |
| **Expenses:** | | | | | | | |
| | | | | | | | |
| Office rent | 6,000 | 5,753 | 5,753 | 5,753 | 5,753 | 5,753 | 34,765 |
| Employee Health Insurance | | 1,906 | 1,906 | 1,906 | 1,906 | 1,906 | 9,532 |
| Utilities | | | | | | | 0 |
| TW Telecom - Ethernet Line | | 410 | 410 | 410 | 410 | 410 | 2,049 |
| AT&T - Mobile telephone | | 140 | 140 | 140 | 140 | 140 | 700 |
| Integra - Phone | | 330 | 330 | 330 | 330 | 330 | 1,650 |
| Office Supplies | 0 | 0 | 100 | 0 | 0 | 0 | 100 |
| ADT - Alarm System | | | 116 | | | 116 | 232 |
| Property Insurance | | 50 | 50 | 50 | | | 150 |
| IT Services | | 700 | 700 | 700 | 700 | 700 | 3,500 |
| Payroll | 11,250 | 22,500 | 22,500 | 22,500 | 22,500 | 22,500 | 123,750 |
| ER Payroll Taxes | 1,147 | 2,295 | 2,295 | 2,295 | 2,295 | 2,295 | 12,622 |
| Payroll Services | | 100 | 75 | 75 | 75 | 75 | 400 |
| Accesssline Phone | | 65 | 65 | 65 | 65 | 65 | 325 |
| Steele Systems | | 62 | 62 | 62 | 62 | 62 | 310 |
| CTO GOTOWebinar | | 99 | 99 | 99 | 99 | 99 | 495 |
| US Trustee's Quarterly Fee | 0 | 0 | 325 | 0 | 0 | 325 | 650 |
| Misc. Expenses | 0 | 0 | 100 | 0 | 0 | 0 | 100 |
| | | | | | | | |
| **Subtotal INR Expenses** | **18,397** | **34,410** | **35,026** | **34,385** | **34,335** | **34,776** | **191,330** |
| | | | | | | | |
| | | | | | | | |
| **Difference** | 81,603 | -34,410 | 9,230 | -24,385 | -34,335 | 9,480 | 7,183 |
| | | | | | | | |
| | | | | | | | |
| **Running Balance Ending Cash** | 81,794 | 47,384 | 56,615 | 32,229 | -2,106 | 7,374 | |

**Exhibit 1 - Page 1 of 1**

Case 14-30772-tmb11   Doc 33   Filed 03/12/14