Robert J Vanden Bos OSB #78100  
VANDEN BOS & CHAPMAN, LLP  
319 S.W. Washington, Suite 520  
Portland, Oregon 97204  
TELEPHONE: (503) 241-4869  
FAX: (503) 241-3731  

    Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | ) Case No. 14-30772-tmb11 |
| | ) |
| Invest n Retire, LLC, | ) DEBTOR'S MOTION TO EXTEND THE |
| | ) EXCLUSIVITY PERIODS PURSUANT TO 11 |
| | ) U.S.C. § 1121(d) AND TO EXTEND DEADLINE |
| | ) TO FILE DISCLOSURE STATEMENT AND |
| Debtor-in-Possession. | ) PLAN OF REORGANIZATION |

Invest n Retire, LLC ("Debtor") moves the Court, pursuant to 11 U.S.C. § 1121(d) for an extension of the exclusivity period in 11 U.S.C. § 1121(b) and to extend the deadline for the Debtor to file a Disclosure Statement and a Plan of Reorganization to July 31, 2014. Debtor also requests an extension of the exclusivity period in 11 U.S.C. § 1121(c) to September 29, 2014. In support of this motion, the Debtor states and represents as follows:

    1.    Debtor filed a petition for relief with the Court on February 18, 2014. Section 1121(b) of the United States Bankruptcy Code (the "Code") provides that only the Debtor may file a plan within the 120 days after the date of the order for relief. Section 1121(c) of the Code further provides that a party in interest other than the Debtor may file a plan only

Page 1 of 3 - DEBTOR'S MOTION TO EXTEND THE EXCLUSIVITY PERIODS PURSUANT TO 11 U.S.C. § 1121(d) AND TO EXTEND DEADLINE TO FILE DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION

VANDEN BOS & CHAPMAN, LLP  
Attorneys at Law  
319 SW Washington Street, Suite 520  
Portland, Oregon 97204-2690  
(503) 241-4869

if (1) a trustee has been appointed; (2) the Debtor has not filed a plan before 120 days after the date of the order for relief; or (3) the Debtor has not filed a plan that has been accepted before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.  The day 120 days after the date of the order for relief in this case is June 18, 2014, and the day 180 days after the date of the order for relief in this case is August 17, 2014.

  2. Section 1121(d) provides that the periods specified in Section 1121(b) and (c) may be extended for cause.  Factors used to evaluate "cause" include (1) number of prior extensions; (2) complexity of the case; (3) duration of time since the filing of the case; (4) whether the Debtor appears to be proceeding in bad faith; (5) improved operating revenues so that the Debtor was paying current expenses; (6) a reasonable prospect for filing a viable plan; (7) whether the Debtor was making satisfactory progress negotiating with key creditors; (8) whether the Debtor was seeking an extension of exclusivity to pressure creditors; and (9) whether the Debtor was depriving the Committee of material or relevant information.  In re Henry Mayo Newhall Memorial Hosp., 282 B.R. 444, 452 (9th Cir. BAP 2002).  The primary consideration is whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolution.  Id. at 453.

  3. As the Debtor informed the court at the case management conference, Debtor's intended plan will consist of the sale of its IP assets, primarily Debtor's recently issued patent. During the course of this case, Debtor has been engaged in discussions and has provided due diligence to several publicly traded companies with respect to the purchase of Debtor's assets.  Debtor has been informed by one such prospective purchaser (which has engaged in substantial due diligence) that the prospective purchaser

Page 2 of 3 -   DEBTOR'S MOTION TO EXTEND THE EXCLUSIVITY PERIODS PURSUANT TO 11 U.S.C. § 1121(d) AND TO EXTEND DEADLINE TO FILE DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

does intend to make an acquisition proposal in the next few weeks. It is appropriate to extend the exclusivity periods so that Debtor has the opportunity to determine if this particular potential purchaser will proceed as stated. If an acceptable acquisition offer is received, such offer would form the basis for Debtor's plan or possibly an asset sale under Section 363 of the Bankruptcy Code.

4.  Without the extension of the exclusivity period, the exclusivity period will lapse on June 18, 2014. Cause to extend the exclusivity period exists here where Debtor has conducted itself with good faith in progressing towards reorganization. Currently, the Debtor's authority to use cash collateral has been approved through July 31, 2014. Extending the exclusivity periods to correspond to this same time line is appropriate.

WHEREFORE, Debtor respectfully requests that the Court extend the exclusivity period in 11 U.S.C. § 1121(b) and the deadline for the Debtor to file a Disclosure Statement and a Plan of Reorganization to a date no earlier than July 31, 2014. Debtor also requests an extension of the exclusivity period in 11 U.S.C. § 1121(c) to a date no earlier than September 29, 2014.

Respectfully submitted;

VANDEN BOS & CHAPMAN, LLP


By:/s/Robert J Vanden Bos
    Robert J Vanden Bos, OSB #78100
    Of Attorneys for Debtor-in-Possession

Page 3 of 3 - DEBTOR'S MOTION TO EXTEND THE EXCLUSIVITY PERIODS PURSUANT TO 11 U.S.C. § 1121(d) AND TO EXTEND DEADLINE TO FILE DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

In re  Invest n Retire, LLC;
Chapter 11 Bankruptcy Case No. 14-30772-tmb11

CERTIFICATE - TRUE COPY

DATE:        May 28, 2014

DOCUMENT:    DEBTOR'S MOTION TO EXTEND THE EXCLUSIVITY PERIODS PURSUANT TO 11 U.S.C. § 1121(d) AND TO EXTEND DEADLINE TO FILE DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION

I hereby certify that I prepared the foregoing copy of the foregoing named document and have carefully compared the same with the original thereof and it is a correct copy therefrom and of the whole thereof.

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on:

Invest n Retire, LLC
Attn:  Darwin K. Abrahamson, Manager
506 SW 6th Ave., Ste. 1200
Portland, OR  97204

Lucian B. Murley, Esquire
Saul Ewing LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899

by mailing a copy of the above-named document to each of them in a sealed envelope, addressed to each of them at his or her last known address.  Said envelopes were deposited in the Post Office at Portland, Oregon, on the below date, postage prepaid.

I hereby certify that the foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

Dated:  May 28, 2014

VANDEN BOS & CHAPMAN, LLP


By:/s/Robert J Vanden Bos
    Robert J Vanden Bos, OSB #78100
    Of Attorneys for Debtor-in-Possession