Robert J Vanden Bos, OSB #78100
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR  97204
Telephone:  503-241-4861
Fax:  503-241-3731

Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF REGON

| | |
|---|---|
| In re | ) Case No. 14-30772-tmb11 |
| | ) |
| Invest n Retire, LLC, | ) DEBTOR'S MOTION FOR ORDER |
| | ) APPROVING (A) BID AND SALE |
| | ) PROCEDURES; (B) SALE OF DEBTOR'S |
| | ) BUSINESS FREE AND CLEAR OF LIENS, |
| | ) CLAIMS AND ENCUMBRANCES; AND (C) |
| | ) ASSUMPTION AND ASSIGNMENT OF |
| | ) EXECUTORY CONTRACTS |
| | ) (Expedited Hearing on Bid Procedures |
| Debtor-in-Possession. | ) Requested) |

Invest n Retire, LLC., Debtor and Debtor-in-Possession ("Debtor" or "INR"), moves

this Court for an order (A) establishing bid and sale procedures; (B) approving the sale of

all of the assets of Debtor's SaaS business free and clear of all liens, claims and

encumbrances to the bidder with the highest and best offer received at an auction (the

"Successful Bidder") determining that the Successful Bidder is not a successor to Debtor;

and enjoining any person who has received notice from pursuing the Successful Bidder to

recover on any claims they may have against Debtor; and (C) approving the assumption

and assignment of executory contracts to the winning bidder.  Debtor requests an

expedited hearing with respect to the bid and sale procedures such that an order can be entered approving the applicable procedures on or before **November 24, 2014**.

## INTRODUCTION

1.      Debtor filed its voluntary petition for relief under Chapter 11 of the Title 11 of the United States Code ("Bankruptcy Code") on February 18, 2014 ("Petition Date").

2.      Debtor is currently operating its business and managing its property as Debtor-in-Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

## JURISDICTION

3.      This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief sought herein include Sections 105(a), 363, 365, and, if applicable, 1146 and 1129 of the Bankruptcy Code and Rules 2002, 6004, 6006, 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and applicable local rules and administrative orders.

## BACKGROUND

5.      Debtor has filed Debtor's Plan of Reorganization (July 31, 2014) ("Plan") [Dkt #68] and Debtor's First Amended Disclosure Statement (Dated 09/22/14) ("Disclosure Statement) [Dkt. #76].

6.      On September 23, 2014, the Court entered an Order Approving Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Plan; and Notice of Confirmation Hearing [Dkt. #78].  A hearing on the Plan was held on **November 19, 2014 at 9:00 a.m.**

Page 2 of 17 DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE; (B) SALE OF DEBTOR'S BUSINESS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; AND (C) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS (11/19/2014 – 4:46 pm)
**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

7.      Debtor's proposed Plan provides that Debtor will continue its operations while marketing all of its assets for sale to a 3rd party with the deadline of **December 31, 2015** to conclude the sale of all assets to a 3rd party.  The Secured Creditors would retain their lien on Debtor's assets and be paid from the sale or disposition of the equity interests in or assets of the Reorganized Debtor's Business.

8.      Debtor has recently received a term sheet for the purchase of its assets from Vantage Benefits Administrators, Inc. ("Vantage").  Debtor has signed the term sheet to signify Debtor's intention to sell all of its assets to Vantage pursuant to a sale agreement to be executed between the parties in conformance with the terms contained in the executed term sheet (the "Stalking Horse Term Sheet").  In the exercise of its business judgment, Debtor has determined that the best interest of creditors would be served by the immediate sale of its assets to Vantage.  A copy of the Stalking Horse Term Sheet is attached hereto as **Exhibit A** and incorporated herein by reference.

9.      The Stalking Horse Term Sheet contemplates the preparation of more definitive documentation in connection with the transaction.  However, the parties have agreed that the material terms of the proposed sale are contained in the Stalking Horse Term Sheet and it is fully binding on the parties, subject to Bankruptcy Court approval.

10.     The sale proposed under the Stalking Horse Term Sheet is subject to the receipt of higher or better offers received through a court-approved auction or sale process. If the auction yields a higher or better offer, Debtor will seek authority to effect a sale with the winning bidder.

Page 3 of 17 DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE; (B) SALE OF DEBTOR'S BUSINESS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; AND (C) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS (11/19/2014 – 4:46 pm)
**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

## REQUESTED RELIEF

11.    Debtor requests that the Court enter a bid procedures order in substantially the form attached hereto as **Exhibit B** ("Bid Procedures Order") which:

a.    authorizes and approves bid procedures in connection with the receipt and analysis of competing bids, substantially in the form attached as **Exhibit 1** ("Bid Procedures") to the Bid Procedures Order;

b.    authorizes and approves procedures (the "Assumption Procedures") for the assumption and assignment of those executory contracts and unexpired leases designated by the successful bidder at the auction (the "Assumed Agreements");

c.    approving the form and manner of notice of (i) the sale and hearing thereon, and (ii) the assumption, assignment and proposed cure costs of Assumed Agreements substantially in the form attached hereto as **Exhibit 2** (the "Sale Notice") to the Bid Procedures Order; and

d.    establishing the following dates and deadlines, subject to modification as needed, relating to competitive bidding and approval of the sale:

- Bid Deadline:  **December 16, 2014** at 5:00 p.m. prevailing Pacific Time, as the deadline by which all binding bids must be actually received by Debtor's counsel pursuant to the Bid Procedures (the "Bid Deadline").

- Objection Deadlines:

  - **December 10, 2014**, at 5:00 p.m. prevailing Pacific Time as the deadline to object to cure amount on assumed

**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

contract and assumption or assignment of assumed

agreement.

- **December 16, 2014**, at 5:00 p.m. prevailing Pacific Time

  as the deadline to object to the sale transactions.

- Auction:  **December 17, 2014** at 9:00 a.m. prevailing Pacific

  Time, as the date and time the auction, if one is needed (the

  "Auction"), will be held at the offices of Vanden Bos &

  Chapman, LLP, 319 SW Washington St., Suite 520

  Portland, OR 97204.

- Sale Hearing: **December 18, 2014** at 11:00 a.m. or such

  other time as is announced at the conclusion of the Auction

  (the "Sale Hearing"), which will be held before the

  Honorable Trish M. Brown, United States Bankruptcy Judge

  for the United States Bankruptcy Court for the District of

  Oregon, Courtroom No. 4, 1001 S.W. Fifth Avenue, Ste.

  700, Portland, Oregon.

12.     By this motion, Debtor also seeks entry of an order (the "Sale Order"),

substantially in the form agreed upon with the winning bidder, authorizing and approving (a)

the sale of the assets free and clear of all liens, claims, interests and encumbrances and

(b) the assumption and assignment of the Assumed Agreements in accordance with the

Assumption Procedures.

///

///

Page 5 of 17 DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE; (B) SALE OF DEBTOR'S
BUSINESS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; AND (C) ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS (11/19/2014 – 4:46 pm)
**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

# THE PROPOSED SALE

13.    The Stalking Horse Term Sheet provides for Debtor and Vantage to immediately begin negotiating definitive documents including but not limited to an asset purchase agreement (the "APA").  The principal terms of the proposed sale[1] are as follows:

| | |
|---|---|
| Purchaser: | Vantage. |
| Purchase Price: | The total purchase price shall be $4,406,269.04, consisting of (a) cash in the amount of $1,170,156.71 (the "Cash Payment Amount") plus (b) liabilities specifically designated as assumed liabilities under the APA in an estimated amount of approximately $3,236,112.33. |
| Assets to be Acquired: | Substantially all of the assets of Debtor as more particularly set forth in the APA. |
| Excluded Assets: | Avoidance claims, if any, arising under the Bankruptcy Code. |
| Assumed Liabilities: | Only those liabilities arising from events occurring after the closing date and those expressly set forth in the final Purchase Agreement. |
| Excluded Liabilities: | All liabilities other than those expressly identified as Assumed |
| Liabilities Assumption and Assignment of Executory Contracts | Buyer will assume all executory client contracts, with any cure (expected to be zero) costs in connection therewith to be paid by Seller from the purchase proceeds.  Buyer will also assume Seller's lease for office space located at 506 SW 6th Ave., Ste. 1200, Portland, OR  97204. |

---

[1] This summary is provided for the convenience of the Court and interested parties.  It is not intended to be a complete summary of the Stalking Horse Term Sheet or APA.  To the extent there is any conflict between this summary and the Stalking Horse Term Sheet and APA, the Stalking Horse Term Sheet and APA govern in all respects.  The APA will be filed separately with the Court promptly upon being finalized.

**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

| Representations, Warranties and Covenants: | Representations, warranties and covenants shall be limited to organization and existence, due authorization, valid execution and no conflicts with articles and by laws. |
| --- | --- |
| Closing Conditions: | Buyer shall have entered into arrangements for the "at will" employment of Darwin Abrahamson, Carol Abrahamson and Kalyanaraman Ganesan. |

14.     In addition to the above general sale provisions, the following sale provisions

are disclosed in accordance with applicable local rules and guidelines:

| Sale to Insider: | Buyer is not an insider as defined in Bankruptcy Code § 1101(31). |
| --- | --- |
| Sale Free and Clear: | The sale will be free and clear of liens and other interests, and the parties with such interest and the nature of those interests are set forth below. |
| Liens: | There are three lien holders as follows: Alfred Berkeley, LotsSolutions and Eric Schroeder.  The estimated total of amounts owed on the liens is $929,284.00. |
| Releases and Insider Benefits: | None, except for employment contracts with Darwin Abrahamson, Carol Abrahamson and Kalyanaraman Ganesan and payment to said Insiders of priority wage claims and postpetition unpaid wages holding administrative priority status with post-petition administrative wages not to exceed $61,875.00. |
| Closing Deadlines: | The sale shall close on or before **January 15, 2015** or the earliest practicable date thereafter. |
| Good Faith Deposit: | To be determined.  (None at this time.) |
| Interim Arrangement with Proposed Buyer: | None. |
| Use of Proceeds: | Proceeds from the sale will be distributed to the secured creditors, to administrative claimants; priority claimants; and unsecured creditors (excluding noteholders); |

Page 7 of 17 DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE: (B) SALE OF DEBTOR'S BUSINESS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; AND (C) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS (11/19/2014 – 4:46 pm)
**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

noteholders will be issued notes payable in 3 years having a face value of approximately 92% of the allowed prepetition claim, or pursuant to further order of the Court.

Record Retention:

After the sale, Debtor will have reasonable access to the books and records as necessary to administer the Chapter 11 case and file final returns as appropriate.

Sale of Avoidance Actions:

The sale does not include the sale of any avoidance claims under Chapter 5 of the Bankruptcy Code.

Requested Findings as to Successor Liability:

Buyer shall have no liability or responsibility for any liability or obligation of Debtor other than as expressly set forth in the APA.  The sale to Buyer will not subject Buyer or its affiliates, successors or assigns or their respective properties to any liability for claims against Debtor or Debtor's Assets.

Credit Bidding:

The motion does not seek to limit credit bidding under Section 363.

Standard for Approval:

The motion seeks approval of the proposed sale pursuant to the business judgment standard.

Relief from Bankruptcy Rule 6004(h):

This motion requests relief from Bankruptcy Rule 6004(h).

Solicitation Process:

Notice of the proposed sale will be given to all parties and creditors in interest.

## AUCTION AND BID PROCEDURES

15.    The proposed Bid Procedures are intended to permit a fair and efficient competitive sale consistent with the time line of this Chapter 11 case and promptly identify any alternative bid that is higher or otherwise better than the bid set forth in the Stalking Horse Term Sheet.  Because the Bid Procedures are attached as **Exhibit 1** to the

Page 8 of 17 DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE; (B) SALE OF DEBTOR'S BUSINESS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; AND (C) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS (11/19/2014 – 4:46 pm)
**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

proposed Bid Procedures Order, they are not restated herein.  Generally speaking, however, the Bid Procedures establish, among other things:

- The deadlines and requirements for becoming a Potential Bidder, submitting competing bids and the method and criteria by which such competing bids are to become entitled to be Qualified Bids sufficient to trigger an Auction, including the minimum consideration that must be provided and the terms and conditions that must be satisfied by any Bidder (other than Vantage) to be entitled to be a Potential Bidder and a Qualified Bidder" (*See* Bid. Proc. at ¶¶ B, D).

- The manner in which Qualified Bids will be evaluated by Debtor to determine the starting bid for the Auction (*See* Bid. Proc. at ¶ E).

- The procedures for conducting the Auction, if any (See Bid. Proc. at ¶ G).

- The criteria by which the "Successful Purchaser" will be selected by Debtor, in consultation with its advisors (*See* Bid. Proc. at ¶ H).

- Various other matters relating to the sale process generally, including the Sale Hearing, designation of a Back-Up Bidder, and certain reservations of rights (*See* Bid. Proc. at ¶¶ I-L).

16.    The Bid Procedures recognize Debtor's fiduciary obligations to maximize sale value, and, as such, do not impair Debtor's ability to consider all qualified bid proposals, and preserve Debtor's right to modify the Bid Procedures as necessary or appropriate to maximize value for Debtor's estate in consultation with key parties set forth therein.

17.    The Bid Procedures contain the following provisions that are required to be highlighted pursuant to local rules and guidelines:

i.    Provisions Governing Qualification of Bidders.  The provisions governing an entity's right to become a Qualified Bidder are set forth in paragraphs B and D of the Bid Procedures.

Page 9 of 17 DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE; (B) SALE OF DEBTOR'S BUSINESS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; AND (C) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS (11/19/2014 – 4:46 pm)
**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

    ii.      Provisions Governing Qualified Bids. The provisions governing Qualified Bids are set forth in paragraphs D and E of the Bid Procedures. Such provisions include, among other things, the deadlines for submitting a bid, the requirements for submitting a bid, the assets to be included in the bid and the period the bid must remain open. Vantage is deemed to have satisfied all of the bidding conditions.

    iii.     The Stalking Horse Term Sheet does not include any limitations on Debtor's ability to solicit higher or better bids.

    iv.     Bidding Increments. Paragraphs D and G of the Bid Procedures set forth the amount of the initial bid and any successive bidding increments.

    v.      Due Diligence Period. Interested parties shall have until the Bid Deadline to conduct due diligence. Paragraphs B and C of the Bid Procedures sets forth the requirements for obtaining due diligence access.

    vi.     Modification of Bidding and Auction Procedures. Paragraph L of the Bid Procedures authorizes Debtor, without further order of the Court, to modify the Bid Procedures.

    vii.    Closing with Alternative Backup Bidders. Paragraph J of the Bid Procedures addresses the ability of Debtor to sell the Assets to the Back-Up Bidder.

    viii.   Provisions Governing the Auction. Paragraph G of the Bid Procedures sets forth the provisions governing the auction, and this Motion specifies the date, time and place at which the Auction will be conducted and the method for providing notice to parties of any changes thereto. Further, Paragraph D(1) of the Bid Procedures requires each bidder to identify whether it is bidding for itself or others and if for others, the identities of such parties and whether the bidder is party to any agreement limiting the bidders at the auction.

## SUMMARY OF THE ASSUMPTION AND ASSIGNNMENT PROCEDURES

    18.    Debtor is also seeking approval of certain procedures to facilitate the fair and orderly assumption and assignment of the Assumed Agreements in connection with the Sale. The Assumption Procedures are as set forth below:

    **Notice of Cure Procedures**. Debtor will file a cure schedule (the "Cure Schedule") and serve such schedule and an Assumption and Assignment Notice by first class mail on the

**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

parties to those executory contracts and unexpired leases that will be included in any sale and those other executory contracts and unexpired leases that may be included in the sale (the "Assumed Agreements") by **December 1, 2014**.  The Cure Schedule will include the (i) Assumed Agreements; (ii) the name and contact information of the counterparty to each Assumed Agreement; and (iii) the proposed cure amount for each Assumed Agreement.

**Objections**.  Any objection to the assumption and assignment of the Assumed Agreements identified on the Cure Schedule, including objections to the cure amount set forth on such schedule and to adequate assurance of future performance, must be filed with the Bankruptcy Court no later than **December 10, 2014**.

**Resolution of Objections**.  If no objection is timely filed to the assumption and assignment of an Assumed Agreement, the counterparty to such Assumed Agreement will be barred from objecting thereto and shall be deemed to consent to the assumption and assignment of such Assumed Agreement.  If no objection is timely filed to the proposed cure amount with respect to an Assumed Agreement, then the cure amount set forth in the Cure Schedule shall be binding upon the non-debtor party to such Assumed Agreement for all purposes in this Chapter 11 case and will constitute a final determination of the total cure amount required to be paid in connection with the assumption and assignment thereof.  If a timely objection is filed and such objection cannot otherwise be resolved by the parties, the Bankruptcy Court may hear such objection at the Sale Hearing, or any adjourned date thereof.  The pendency of a dispute relating to a proposed cure amount will not delay the closing of the sale, including the assumption and assignment of Assumed Agreements necessary to effectuate such closing, provided that, for any dispute relating to a proposed cure amount that is unresolved by the date of the closing on the sale, Buyer shall pay and Debtor shall escrow the claimed cure amount requested with respect to such unresolved objection pending such resolution.

Page 11 of 17 DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE; (B) SALE OF DEBTOR'S BUSINESS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; AND (C) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS (11/19/2014 – 4:46 pm)
**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

## BASIS FOR RELIEF REQUESTED

**A.    SALE OF ASSETS**

19.    Section 363(b)(1) of the Bankruptcy Code provides that "Debtor, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  This provision generally allows a trustee (subject to court approval) to sell property of the estate outside the ordinary course of business where the proposed sale is a sound exercise of Debtor's business judgment and when the sale is proposed in good faith and for fair value.  *Committee of Equity Security Holders v. Lionel Corporation* (*In re Lionel Corp.*), 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Ernst Home Center, Inc.*, 209 B.R. 974, 980 (Bankr. W.D. Wash. 1997).  When a trustee articulates a reasonable basis for its business decisions, "courts will generally not entertain objections to the [trustee's] conduct."  *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).

20.    The decision to sell all of the assets of INR is already a part of the Plan of Reorganization.  The assets are subject to the liens of three (3) secured creditors.  The sale at the proposed price to Vantage will pay Classes 1 – 5 in full, pay administrative claims in full, and pay approximately 92% of the Class 6 claims through assumption of the debt.  (Approximately $3,236,112.00 of notes will be issued to Class 6 creditors by the Buyer).  Equity positions would be canceled.  The proposed sale will also result in the continued employment of Debtor's three employees and preserve business relationships with Debtor's existing clients.  Without continued capital contributions, which are not assured, the Debtor will be unable to meet its ordinary operating expenses during the 15 month period of time proposed by the plan to consummate the sale of all the assets.

Page 12 of 17 DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE; (B) SALE OF DEBTOR'S BUSINESS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; AND (C) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS (11/19/2014 – 4:46 pm)
**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Debtor has determined that it is in the best interests of Debtor's estate to sell the Assets to Vantage now rather than continue the uncertain course of operations or continue to search for a different buyer.  The Debtor has been actively seeking a buyer for Debtor's assets since the Petition Date.  The proposal from Vantage is the best proposal Debtor has received for the purchase of its assets after many months of soliciting prospective buyers.

21.     The Stalking Horse Term Sheet was, and the APA will be, negotiated at arm's length, in good faith, and Debtor believes its terms are fair and reasonable.  Vantage is not an "insider" of Debtor.  Neither Debtor nor its management has a financial interest in the transactions contemplated by the Stalking Horse Term Sheet, except to the extent, as disclosed, that the Buyer is offering "at-will" employment positions on ordinary business terms to the Debtor's three current employees.

22.     Debtor proposes to effect the sale only after holding the Auction pursuant to the Bid Procedures, which procedures are designed to procure the highest and best offer for the sale of the assets.

## B.     SALE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

23.     Debtor requests that the Court authorize the sale free and clear of all liens, claims and encumbrances which may be asserted against the assets, with any such liens, claims and encumbrances attaching to the proceeds of the sale.  The Successful Bidder or the Reorganized Debtor, as the case may be, will have no successor liability to any creditor who holds a claim as of the closing date except as specifically stated in the Plan of Reorganization or Confirmation Order and all such creditors will be forever enjoined from seeking to enforce or collect any such claim from or against the Successful Bidder or

Page 13 of 17 DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE; (B) SALE OF DEBTOR'S BUSINESS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; AND (C) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS (11/19/2014 – 4:46 pm)

**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Reorganized Debtor, as the case may be. These provisions will be binding only on parties that have received notice.

24.     Vantage (and potential bidders in the Auction process) will only buy the assets if they are "free and clear" of liens.

25.     Holders of liens and interests in the assets will be adequately protected because they will be paid from the sale proceeds or their interests will attach to the proceeds of the sale.

## C.     ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS

26.     As described above, as part of the sale contemplated by the Purchase Agreement, Debtor intends to assume and assign certain executory contracts to Vantage.

27.     Under § 365(a), Debtor may assume or reject an executory contract, subject to the court's approval. In determining whether to approve a request for approval of assumption of an executory contact, the bankruptcy court applies the business judgment rule.

28.     In addition to passing the business judgment test, Section 365(b) of the Bankruptcy Code requires that a Debtor meet certain additional requirements to assume an executory contract:

> If there has been a default in an executory contract or unexpired lease of the Debtor, Debtor may not assume such contract or lease unless, at the time of assumption of such contract or lease, Debtor—
>
> (A)  cures, or provides adequate assurance that Debtor will promptly cure, such default;

Page 14 of 17 DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE; (B) SALE OF DEBTOR'S BUSINESS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; AND (C) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS (11/19/2014 – 4:46 pm)
**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

(B)  compensates, or provides adequate assurance that Debtor will promptly compensate, a party other than the Debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C)  provides adequate assurance of future performance under such contract or lease.

29.    Similarly, Section 365(f)(2) applies similar requirements to the assignment of an executory contract, stating that the contract may be assigned if:

(A)  Debtor assumes such contract or lease in accordance with the provisions of this section; and

(B)  adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

30.    In this case, Debtor's proposed assumption and assignment of the executory contracts to Vantage would fulfill the "cure" and "adequate assurance" requirements for assumption and assignment set forth in the aforementioned statutes.  While Debtor does not believe that it is in monetary default of any contract to be assumed by Buyer, if there is any default, each default under the contracts and leases would be cured at closing or as soon thereafter as the Court establishes the amount of the cure payment needed (or the parties agree on such amount) from the "Reserve" contained within the "Cash Payment Amount" of the offer.  Vantage is in the same business as the Debtor with respect to managing and providing record keeping for retirement accounts, and its experience in this field will satisfy any requirement for adequate assurance of ability to perform the services required under Debtor's existing client contracts.  If another entity is the successful purchaser, it will have had to satisfy Debtor and the Court of its financial strength and, therefore, similarly will fulfill the "adequate assurance" requirement.

**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

31.    Some, if not all, of the executory contracts at issue may contain provisions purporting to prohibit or condition the assignment to third parties.  The Bankruptcy Code specifically prohibits the termination or modification of executory contracts based on such clauses that restrict assignment.  11 U.S.C. § 365(f).

E.    **NON-APPLICABILITY OF STAY**

32.    In addition to the other sale-related relief sought herein, Debtor requests that the Court specifically find inapplicable any stays that might otherwise inhibit Debtor's ability to close the proposed transactions for the sale of the assets immediately after the Court enters an order approving the transactions, including, without limitation, those arising under Bankruptcy Rules 6004 or 6006.  Any delay in a closing of the sale would mean substantial potential harm to Debtor, its creditors and its estate as the terms of the proposed sale require closing on or before **January 15, 2015**.  The Buyer has indicated a willingness to close earlier if Bankruptcy Court approval of the sale has been achieved.

## NOTICE

Debtor proposes to give notice of the Auction, this Motion and the Sale Hearing as follows: serve a copy of this Motion and the Sale Notice upon  (i) all persons or entities required to be served pursuant to orders of this Court; (ii) all parties who have filed requests for notice under Bankruptcy Rule 2002 as of the date of service; (ii) all persons or entities who to the knowledge of Debtor hold a lien upon the assets; (v) the Office of the United States Trustee; and (vii) all non-debtor parties to the Assumed Agreements. In addition, Debtor shall serve the Notice of Motion to Approve Sale to Vantage, all creditors and parties in interest reflected in the mailing matrix on file with the Court.

Page 16 of 17 DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE; (B) SALE OF DEBTOR'S BUSINESS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; AND (C) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS (11/19/2014 – 4:46 pm)
VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

33.    Debtor submits that such notice constitutes good and sufficient notice of the competitive offer procedures, this Motion, and all proceedings to be held thereon and that no other or further notice need be given.

34.    WHEREFORE, Debtor respectfully requests that the Court (a) enter an order approving the Bid Procedures; and (b) as soon as practicable after completion of the Auction, enter an order (i) approving the sale of the assets to Vantage or such other successful purchaser as may present the highest or best bid, (ii) approving such sale free and clear of all liens, claims and encumbrances with such interests attaching to the sale proceeds; (iii) approving the assumption and assignment of executory contracts and unexpired leases to Vantage or other successful purchaser; (iv) declaring all stays by including, without limitation, those arising under Bankruptcy Rules 6004 or 6006 inapplicable; and (v) such other and further relief as may be just and proper.

DATED this 19th day of November, 2014.

VANDEN BOS & CHAPMAN, LLP


By:/s/Robert J Vanden Bos_____
    Robert J Vanden Bos, OSB #78100
    Of Attorneys for Debtor-in-Possession

Page 17 of 17 DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE; (B) SALE OF DEBTOR'S BUSINESS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; AND (C) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS (11/19/2014 – 4:46 pm)
**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

In re  Invest n Retire, LLC
Chapter 11 Bankruptcy Case No. 14-30772-tmb11

# EXHIBIT A
# TERM SHEET

## TERM SHEET FOR PROPOSED PURCHASE
## OF ASSETS OF INVEST n RETIRE, LLC

**PARTIES:**    Vantage Benefits Administrators, Inc.                    ("BUYER")
43385 Business Park Dr., #210
Temecula, CA 92590


Invest n Retire, LLC          ("DEBTOR" or "SELLER" or "INR")
506 SW 6th Ave., Ste. 1200
Portland, OR  97204

### RECITALS:

Vantage Benefits Administrators, Inc., an individual entity (hereinafter "Buyer" or
"Vantage") is prepared to purchase the assets of Invest n Retire, LLC ("INR" or
"Debtor" or "Seller").  The purpose of this Term Sheet is to summarize the basic terms
and conditions upon which Vantage (Buyer) intends to commit to a binding agreement.

### AGREEMENT

1.    TERMS AND CONDITIONS

(i) Assets.  Buyer will purchase from  the Debtor all of Debtor's business assets
including, without limitation, cash, name, patents, intangibles, equipment, inventory,
fixtures, leasehold improvements, goods, receivables, instruments, choses in action, and
chattel paper (referred to in this agreement collectively as the Assets").  The Assets
shall be transferred to Buyer free of all liens and encumbrances.  Seller shall assign to
Buyer all trade names used by Seller.

Purchase Price.  The TOTAL PURCHASE PRICE shall be: $4,406,269.04.

2.    Allocation of Purchase Price.  The allocation of the purchase price shall be as
described in this Term Sheet unless otherwise agreed by the Parties.

3.    Terms of Payment.  On the 15th day following entry of a final court order
approving the sale which is not subject to a stay on appeal, Buyer shall close the sale.
The purchase price shall be paid at Closing in the following manner:

(a)  "Cash Payment Amount."  Delivery of a certified, cashier's or other check
acceptable to Seller in the amount of $1,170,156.71.  The Parties believe that the Cash
Payment amount will be sufficient to pay all allowed claims within Classes 1-5 of the
Plan and all allowed administrative claims as shown on **Exhibit A** attached to this Term
Sheet.

(b) "Deferred Payment Amount." Buyer agrees to pay the sum of $3,236,112.33 to the creditors holding allowed claims within Class 6 of Debtor's currently filed Plan by, to be divided pro rata among them, payable pursuant to Promissory Notes ("Notes") issued by Buyer bearing 5% interest payable monthly with the principal balance due three (3) years from the closing of this transaction. The Parties believe that the Deferred Payment Amount will be sufficient to pay a dividend to the Class 6 Creditors of approximately 92% as shown on **Exhibit B** attached to this Term Sheet.

(c) If the amount required to pay the administrative claims allowed by the Bankruptcy Court plus the amount needed to pay the Allowed Claims within Classes 1-5 in Debtor's Plan of Reorganization) exceeds the Cash Payment Amount, then Seller shall have the option, but not the obligation, to pay the additional amount but if Seller pays such additional amount this Agreement will be modified to reduce dollar for dollar the "Deferred Payment Amount," with the principal of each respective Note being reduced on a pro rata basis.

(d) The Key Employees hold pre-petition non-priority wage claims totaling approximately $816,000. By agreement, to facilitate consummation of this Agreement, the Key Employees have agreed to waive their right to distribution of account of their pre-petition non-priority wage claims.

4.    Term Sheet Nonbinding (Except as Otherwise Specified). This Term Sheet is intended as an outline of material business terms to serve as a basis for the preparation of a purchase agreement for review and approval by Buyer and Seller. Except as expressly stated in this Paragraph, this Term Sheet shall not constitute a formal binding agreement.

5.    There is no good faith deposit at this time; one may be provided upon consent of the parties or order of the court

6.    There are no interim agreements between Debtor and this Buyer.

7.    Seller shall have until November 20, 2014 at 5:00 p.m. PST to sign this Agreement to accept the offer made herein. Buyer's performance under this Term Sheet is not subject to a financing contingency.

8.    Buyer is not an insider of the Debtor;

9.    There is a proposed agreement with former key employees. The three key employees are: Darwin Abrahamson, Carol Abrahamson and Kalyanaraman Ganesan. (the "Key Employees"). The basic terms of such Agreement are as follows:

(a)    At closing, the Key Employees will be paid their pre-petition unpaid priority wage claims of $12,475 each. The Key Employees will waive the right to

participate in the distribution of the sale proceeds or receive payment on account of their pre-petition non-priority unpaid wages which total approximately $816,000.00. The Key Employees will be paid their accrued but unpaid post-petition administrative priority wage claims not to exceed a total amount of $61,875.

(b)    Vantage will offer the Key Employees positions at Vantage as "at will" employees, to receive compensation under the same terms and conditions as Vantage employees who perform similar duties, with right to participate in incentive programs on the same company-wide terms. The anticipated salary levels are not agreed upon but expected to be less than the salary levels currently paid by the Debtor to the Key Employees. No special employment considerations are being offered by Buyer to the Key Employees other than Buyer's standard company policies.

10.    On or before November 26, 2014, Seller will file a motion in the Bankruptcy Court for approval of this Agreement and to the extent necessary, file an amended Plan of Reorganization consistent with this Agreement, if required by the Bankruptcy Court.

11.    In the event that further amendments are received by the Bankruptcy Court after the submission of this Term Sheet which would require the Buyer to pay more than the Cash Payment Amount (of $1,177,990.71), Buyer reserves the right in its sole discretion to terminate this Agreement.

12.    Executory Contracts. Buyer will assume all of Seller's executory contracts with Seller's Clients but will otherwise reject all other executory contracts. Seller represents that Seller is not in monetary default of any client contracts, so no "cure" payments will be required upon assumption.

13.    Closing Date. The transaction contemplated by this Term Sheet shall have a deadline for closing of January 15, 2015, unless otherwise extended by mutual agreement of the parties.

SIGNATURES:

Vantage Benefits Administrators, Inc.

By: _____
Jeff Richie, President & CEO

Date: ___11 - 17 - 14___

Invest n Retire, LLC

By: _____
Darwin Abrahamson, CEO

Date: ___11/18/14___

3 – Term Sheet -- 11/17/2014 2:34 PM

Invest n Retire, LLC
Case No. 14-30772-tmb11

EXHIBIT A
Projected Distribution of "Cash Payment Amount" of $1,170,156.71

| | | | | |
|---|---|---|---|---|
| Cash Payment | | | $ | 1,170,156.71 |
| | | | | |
| Less: | | | | |
| | | | | |
| Class 1 | Alfred R. Berkeley III | | $ | (638,000.00) |
| Class 2 | LOTSolutions, Inc. | | $ | (77,891.66) |
| Class 3 | Eric Schroeder | | $ | (213,392.09) |
| Class 4 | Employee Priority Claims | | $ | (37,425.00) |
| Class 5 | Admin Convenenience Claims | | $ | (1,326.25) |
| Administrative Claims: | Professional Fees | | $ | (75,000.00) |
| | UST Quarterly Fee | | $ | (8,125.00) |
| | Wages | | $ | (61,875.00) |
| | Trade/Operations | | $ | (7,834.00) |
| | | | | |
| | Reserve/Contingency (if any) | | $ | 49,287.71 |

**EXHIBIT A - Page 4 of 5**

Invest n Retire, LLC
Case No. 14-30772-tmb11

EXHIBIT B

Projected Distribution to Class 6 Creditors Based on Deferred Payment Amount of $3,236,112.33

| Deferred Payment Amount: | $ 3,236,112.33 | | | | |
| --- | --- | --- | --- | --- | --- |
| | | | | | |
| Creditor Name | Allowed Claim | Note Amount | | Pro Rata Share | Dividend Percentage |
| | | | | | |
| Ganesan, Kalyanaraman (Wages)(Waived) | $ - | | | | |
| Abrahamson, Darwin (Wages)(Waived) | $ - | | | | |
| Abrahamson, Carolyn (Wages)(Waived) | $ - | | | | |
| 506 Wilcox LLC | $ 5,732.98 | $ 5,274.14 | | 0.16% | 0.92 |
| Abrahamson, Carolyn | $ 727,271.52 | $ 669,063.98 | | 20.67% | 0.92 |
| Advanta Credit Cards | $ 18,621.16 | $ 17,130.81 | | 0.53% | 0.92 |
| Assured Technology Solutions | $ 5,376.90 | $ 4,946.56 | | 0.15% | 0.92 |
| Capital One Bank N.A. | $ 6,863.09 | $ 6,313.80 | | 0.20% | 0.92 |
| Capital One Bank N.A. | $ 3,315.10 | $ 3,049.77 | | 0.09% | 0.92 |
| Childrey, Joseph | $ 31,558.17 | $ 29,032.40 | | 0.90% | 0.92 |
| Cox Smith Matthews Inc. | $ 15,863.40 | $ 14,593.76 | | 0.45% | 0.92 |
| Dunn Carney Allen Higgins & Tongue, LLP | $ 9,900.00 | $ 9,107.65 | | 0.28% | 0.92 |
| Fish, Kenneth | $ 75,000.00 | $ 68,997.34 | | 2.13% | 0.92 |
| Fish, Kenneth | $ 20,465.00 | $ 18,827.07 | | 0.58% | 0.92 |
| Foster, Reed | $ 146,877.00 | $ 135,121.63 | | 4.18% | 0.92 |
| Harmon, Bette | $ 1,302,866.91 | $ 1,198,591.31 | | 37.04% | 0.92 |
| Herzog, John E. | $ 891,346.22 | $ 820,006.88 | | 25.34% | 0.92 |
| InR Advisory Services | $ 3,000.00 | $ 2,759.89 | | 0.09% | 0.92 |
| Kampner, Stanley | $ 111,727.51 | $ 102,785.34 | | 3.18% | 0.92 |
| Miller Nash | $ 10,243.50 | $ 9,423.66 | | 0.29% | 0.92 |
| Office Depot | $ 4,200.05 | $ 3,863.90 | | 0.12% | 0.92 |
| Quarles & Brady LLP | $ 122,772.05 | $ 112,945.93 | | 3.49% | 0.92 |
| Staples | $ 4,648.57 | $ 4,276.52 | | 0.13% | 0.92 |
| | $ 3,517,649.13 | $ 3,236,112.33 | | 100% | |

In re  Invest n Retire, LLC
Chapter 11 Bankruptcy Case No. 14-30772-tmb11

# EXHIBIT B
# ORDER

(A)  APPROVING BID PROCEDURES,
(B)  SCHEDULING AN AUCTION AND HEARING TO
      CONSIDER SALE, AND
(C)  ESTABLISHING OBJECTION DEADLINES

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | ) | Case No. 14-30772-tmb11 |
|---|---|---|
| | ) | |
| Invest n Retire, LLC, | ) | ORDER (A) APPROVING BID |
| | ) | PROCEDURES, (B) SCHEDULING AN |
| | ) | AUCTION AND HEARING TO |
| | ) | CONSIDER SALE, AND (C) |
| | ) | ESTABLISHING OBJECTION |
| Debtor-in-Possession. | ) | DEADLINES |

THIS MATTER came before this Court on Debtor's Motion for Order Approving (A)

Bid and Sale Procedures; (B) Sale of Debtor's Business Free and Clear of Liens, Claims

and Encumbrances; and (C) Assumption and Assignment of Executory Contracts (the

"Motion") [Dkt. #_____] filed by Debtor on November 19, 2014.  The Court having held an

initial hearing on the Motion on November 24, 2014 and having considered the submissions

and arguments of counsel and the files and records herein, and being now fully advised of

the premises,

///

///

**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**EXHIBIT B - Page 1 of 6**

THE COURT FINDS as follows:

A.      This Court has jurisdiction over the Chapter 11 case of Invest n Retire, LLC ("Debtor") (the "Bankruptcy Case"), this Motion and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The notice provided regarding the Motion constitutes sufficient and adequate notice.  No other or further notice in connection with the entry of this Order is or shall be required.

C.      The Bid Procedures (attached as **Exhibit 1** to this Order) were proposed by Debtor in good faith with the goal of maximizing the value of the Assets (defined below) for the benefit of all creditors of the estate and other parties-in-interest.  Debtor has articulated good and sufficient reasons for authorizing and approving the Bid Procedures, which are reasonable and appropriate under the circumstances and designed to maximize the recovery on, and realizable value of, the Assets.

D.      Debtor's proposed sale notice (attached as **Exhibit 2** to this Order) is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of this Order, the sale, the auction, and the assumption procedures.

E.      On or about November 18, 2014, the Debtor entered into a Term Sheet for Proposed Asset Purchase with Vantage Benefits Administrators, Inc. ("Vantage") providing for the sale to Vantage (or its newly formed affiliate) of substantially all of Debtor's Business (the "Assets").  The Term Sheet contemplates the execution of an asset purchase agreement (the "APA").  The Term Sheet and APA shall serve as the Stalking Horse Purchase Agreement ("Purchase Agreement").

Page 2 of 6  ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SALE, AND (C) ESTABLISHING OBJECTION DEADLINES (11/19/2014 – 4:15 p.m.)
**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**EXHIBIT B - Page 2 of 6**

F.      Entry of this Order is in the best interests of Debtor, its estate, creditors and other parties-in-interest.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.      The Motion is granted as set forth below.

2.      The Bid Procedures attached as **Exhibit 1** are hereby approved and shall be used in connection with the proposed sale of the Assets.

3.      All responses or objections to the relief requested in the Motion that have not been withdrawn, waived or settled are overruled.

4.      Any objections to the proposed sale shall be in writing and filed with this Court no later than **December 16, 2014** at 5:00 p.m. Pacific Time.  Any party filing such an objection must attend the Sale Hearing and advocate its objection at such hearing.  Any objection not filed, served, and/or advocated in accordance with this paragraph may be deemed waived and may be forever barred.

5.      The Auction for the Assets will be held on **December 17, 2014**, at 9:00 a.m. Pacific Time, at the offices of Vanden Bos & Chapman, LLP, 319 SW Washington St., Ste. 520, Portland, Oregon 97204.

6.      The Sale Hearing will be conducted on **December 18, 2014** at 11:00 a.m. Pacific Time before the Honorable Trish M. Brown in Courtroom 4 of the U.S. Bankruptcy Court, 1001 SW Fifth Avenue, 7th Floor, Portland, Oregon 97204, to consider the entry of an order providing and approving, inter alia, the following: (a) the sale or other disposition of Debtor's assets to Successful Bidder or Bidders free and clear of all liens, claims, interests, obligations, and encumbrances in accordance with 11 U.S.C. § 363(f); (b) that Successful Bidder or Bidders have not assumed any liability or obligations (except as specifically

Page 3 of 6   ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SALE, AND (C) ESTABLISHING OBJECTION DEADLINES (11/19/2014 – 4:15 p.m.)
**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**EXHIBIT B - Page 3 of 6**

assumed); (c) that Successful Bidder or Bidders are not successors to Debtor; (d) that all

persons who have received the Notice are bound by the order and are enjoined from

pursuing Successful Bidder or Bidders to recover on any claims they may have against

Debtor; and (e) that the sale agreement or agreements were entered into in good faith,

without collusion, and from arms' length bargaining positions.  Debtor shall be deemed to

have accepted a bid and the Successful Bidder determined only when the bid for the Assets

has been approved by the Court at the Sale Hearing.

       7.     The Assumption Procedures are hereby approved as set forth below.

> **Notice of Cure Procedures.**  The **Debtor** will file a cure schedule (the "Cure Schedule") and serve such schedule and Assumption and Assignment Notice by first class mail on the parties to those executory contracts and unexpired leases that will be included in any sale and those other executory contracts and unexpired leases that may be included in the sale (the "Assumed Agreements") by **November 25, 2014**.  The Cure Schedule will include the (i) Assumed Agreements; (ii) the name and contact information of the counterparty to each Assumed Agreement; and (iii) the proposed cure amount for each Assumed Agreement.

> **Objections.**  Any objection to the assumption and assignment of the Assumed Agreements identified on the Cure Schedule, including the cure amount set forth on such schedule and to adequate assurance of future performance must be filed with the Bankruptcy Court no later than **December 10, 2014**.

> **Resolution of Objections.**  If no objection is timely filed to the assumption and assignment of an Assumed Agreement, the counterparty to such Assumed Agreement will be barred from objecting thereto and shall be deemed to consent to the assumption and assignment of such Assumed Agreement.  If no objection is timely filed to the proposed cure amount with respect to an Assumed Agreement, then the cure amount set forth in the Cure Schedule shall be binding upon the non-debtor party to such Assumed Agreement for all purposes in this Chapter 11 case and will constitute a final determination of the total cure amounts required to be paid in connection with the assumption and an assignment thereof.

**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**EXHIBIT B - Page 4 of 6**

8.      If a timely objection is filed to the assumption and assignment of any

unexpired contract or unexpired lease and such objection cannot otherwise be resolved by

the parties, the Bankruptcy Court may hear such objection at the Sale Hearing, or any

adjourned date thereof.  The pendency of a dispute relating to a proposed cure amount will

not delay the closing of the sale, including the assumption and assignment of Assumed

Agreements necessary to effectuate such closing, provided, that for any dispute relating to a

proposed cure amount that is unresolved by the date of the closing of the sale, Debtor shall

escrow the cure amount proposed with respect to such unresolved objection pending such

resolution.

9.      The Sale Notice, substantially in the form attached hereto as **Exhibit 2**, is

hereby approved.

10.     The failure of any third party to file and serve an objection as ordered and

directed herein shall be deemed the consent of such a party to the sale and transfer of the

Assets to Vantage Benefits Administrators Inc. or the Successful Purchaser (including the

assumption and assignment of the Assumed Agreements and the fixing of any applicable

Cure Costs).

11.     As provided by Bankruptcy Rule 6004(h), this Order shall not be stayed for 14

days after the entry thereof and shall be effective and enforceable immediately on its entry

on the docket.

12.     Unless otherwise specified, all time periods set forth in this Order shall be

calculated in accordance with Bankruptcy Rule 9006(a).

###

Page 5 of 6   ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AN AUCTION AND HEARING TO
CONSIDER SALE, AND (C) ESTABLISHING OBJECTION DEADLINES (11/19/2014 – 4:15 p.m.)
**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**EXHIBIT B - Page 5 of 6**

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

PRESENTED BY:

VANDEN BOS & CHAPMAN, LLP


By:/s/Robert J Vanden Bos
    Robert J Vanden Bos, OSB #78100
    Of Attorneys for Debtor-in-Possession

**First Class Mail:**

Invest n Retire, LLC
Attn:  Darwin K. Abrahamson, Manager
506 SW 6th Ave., Ste. 1200
Portland, OR  97204

Lucian B. Murley, Esquire
Saul Ewing LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899

POTENTIAL BIDDERS:

**Electronic Mail:**

The foregoing was served on all CM/ECF
participants through the Court's Case
Management/Electronic Case File system.

Page 6 of 6   ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AN AUCTION AND HEARING TO
CONSIDER SALE, AND (C) ESTABLISHING OBJECTION DEADLINES (11/19/2014 – 4:15 p.m.)
**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**EXHIBIT B - Page 6 of 6**

In re  Invest n Retire, LLC
Chapter 11 Bankruptcy Case No. 14-30772-tmb11

# EXHIBIT 1 to BIDDING ORDER

## BID PROCEDURES

Robert J Vanden Bos, OSB #78100
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR  97204
Telephone:  503-241-4861
Fax:  503-241-3731

Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF REGON

| | | |
|---|---|---|
| In re | ) | Case No. 14-30772-tmb11 |
| | ) | |
| Invest n Retire, LLC, | ) | BID PROCEDURES FOR THE |
| | ) | SUBMISSION, RECEIPT AND |
| | ) | ANALYSIS OF BIDS IN CONNECTION |
| | ) | WITH THE SALE OF SUBSTANTIALLY |
| Debtor-in-Possession. | ) | ALL OF DEBTOR'S BUSINESS |

These Bid Procedures have been approved by order of the United States Bankruptcy Court for the District of Oregon (the "Court") in connection with the above captioned bankruptcy case of Invest n Retire, LLC ("Debtor") (the "Bid Procedures Order").

These Bid Procedures set forth the process by which Debtor is authorized to conduct the sale (the "Sale") by auction (the "Auction") of substantially all of Debtor's Business assets in connection with confirmation of Debtor's Plan of Reorganization (Dated 07/31/14) ("Plan"), as more particularly described in the Purchase Agreement (the "Assets").  These Bid Procedures also set forth the terms by which prospective bidders may qualify for and participate in the Auction, thereby competing to make the highest and/or best offer for the Assets.

## A.    Stalking Horse Bidder

On November 17, 2014 Debtor and Vantage Benefits Administrators Inc. ("Vantage") entered into a Term Sheet for Asset Purchase (the "Stalking Horse Term Sheet") for the acquisition of all of Debtor's assets as described in the Stalking Horse Term Sheet and subsequently prepared APA (collectively, "Purchase Agreement").  Among other things, Vantage agreed to pay a purchase price in an amount equal to $4,406,269.04 ("Purchase Price") for the Assets, subject to the outcome of the Auction and the entry of an order of the

Page 1 of 7   BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S BUSINESS (11/19/2014 - 4:23 PM)
**EXHIBIT 1 - Page 1 of 7**
**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Court (the "Sale Order") approving the sale of the Assets.  A copy of the Term Sheet has been filed with the Court and may be obtained by contacting counsel's (for Debtor) Certified Bankruptcy Assistant, Sara Parker at (503) 241-4869.

## B.     Participation Requirements

To participate in the bidding process and to obtain access to due diligence materials, any person interested in purchasing the Assets (a "Potential Bidder") must deliver (unless previously delivered) to both Debtor and counsel for Debtor the following (the "Preliminary Bid Documents"):

1) An executed confidentiality agreement in form and substance acceptable to Debtor and its counsel;

2) Preliminary written proof by the Potential Bidder of its financial capacity to close the proposed transaction, including, but not limited to, its ability to satisfy the standards to provide adequate assurance of future performance of any contracts and leases to be assumed and assigned under Section 365 of the Bankruptcy Code, which may include current unaudited or verified financial statements of, or verified financial commitments (i.e., banking or capital references) obtained by, the Potential Bidder (or, if the Potential Bidder is an entity formed for the purpose of acquiring the property to be sold, the party that will bear liability for a breach), the adequacy of which must be deemed satisfactory to Debtor in its business judgment.

As soon as practicable, and in any event within two business days after a Potential Bidder delivers the Preliminary Bid Documents, Debtor shall determine and notify the Potential Bidder whether such Potential Bidder has submitted acceptable Preliminary Bid Documents.  Debtor shall work with Potential Bidders during the two business-day period (as it may be extended by Debtor) to attempt to correct or cure any deficiencies in any Preliminary Bid Documents.  Only those Potential Bidders whose Preliminary Bid Documents have been deemed acceptable at the end of such two business-day period (as it may be extended by Debtor) (each, an "Acceptable Bidder") may conduct a due diligence review with respect to the Assets or submit bids to acquire the Assets.  Vantage is deemed an Acceptable Bidder
.

## C.     Obtaining Due Diligence Access

After receipt of an executed confidentiality agreement and notification of Acceptable Bidder status, Debtor will provide each Acceptable Bidder reasonable due diligence information, as requested as soon as reasonably practicable after such request.  Debtor shall be entitled to use its business judgment in determining the extent to which a Potential Bidder is entitled to receive confidential competitive information.

Page 2 of 7  BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S BUSINESS (11/19/2014 - 4:23 PM)

**EXHIBIT 1 - Page 2 of 7**
**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

## D.    Bid Requirements

Any Acceptable Bidder that is interested in being a participant in the Auction and acquiring all or substantially all of the Assets (each a "Bidder") must submit a "Bid" as provided herein prior to 5:00 p.m. Pacific Time on **December 16, 2014** (the "Bid Deadline"). Any such Bid must:

1)    Identify the bidder, i.e., including any party for whom it may be bidding with or on behalf and whether the bidder is a party to any agreement limiting the bidders at the Auction and any relation of such parties to Debtor.

2)    Contain (a) a signed definitive asset purchase agreement in substantially the form of the Purchase Agreement (a "Competing Purchase Agreement") and (b) a comparison of such Competing Purchase Agreement to the Purchase Agreement, showing all the differences between the two. A Competing Purchase Agreement must:

    i.    Be in form and substance satisfactory to Debtor;

    ii.    Clearly designate the assets to be acquired (which must be all or substantially all of the Assets);

    iii.    Provide for a purchase price with respect to such Assets in an amount that is at least equal to the Purchase Price, plus $100,000.00 ($4,506,269.04) (the "Initial Overbid Amount");

    iv.    Intentionally Deleted;

    v.    Not be subject to any (a) financing contingency; (b) contingency relating to the completion of unperformed due diligence; (c) contingency relating to the approval of the Bidder's board of directors or other internal approvals or consents; or (d) any conditions precedent to the Bidder's obligation to purchase the Assets, other than those conditions included in the Purchase Agreement; and

    vi.    Not provide for the payment to the Bidder of any Break-Up Fee, topping fee, expense reimbursement or other similar fee or arrangement.

3)    Intentionally Deleted.

4)    To the extent not previously provided to Debtor, be accompanied by evidence satisfactory to Debtor in its business judgment that the Bidder: is willing, authorized, capable and qualified financially, legally and otherwise, of performing all obligations under its proposed Competing Purchase Agreement

Page 3 of 7  BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S BUSINESS (11/19/2014 - 4:23 PM)

**EXHIBIT 1 - Page 3 of 7**

**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

in the event it submits the Successful Bid (as hereinafter defined) at the Auction, including its ability to provide adequate assurances under the Bankruptcy Code.

5)      Be submitted to counsel for Debtor so as to be received not later than the Bid Deadline. Any Bid that meets all of the foregoing requirements, as determined by Debtor in its good faith discretion, shall be considered a "Qualified Bid." Counsel for Debtor shall, as soon as practicable, send a copy of each Qualified Bid received, if any, to the following parties: (i) counsel to the secured lenders, (ii) the United States Trustee; and (iii) counsel to each Bidder submitting a Qualified Bid (or if a Bidder does not have counsel, to the Bidder).

## E.    Evaluation of Qualified Bids

Prior to the Auction, Debtor shall evaluate the Qualified Bids and identify the Qualified Bid that is, in Debtor's business judgment, the highest or otherwise best bid (the "Starting Bid").  No later than 2:00 p.m. Pacific Time on **December 16**, **2014**, Debtor shall notify Vantage and all parties who have submitted Qualified Bids as to whether there will be an Auction, and if so, which Qualified Bid is the Starting Bid.

## F.    **No Qualified Bids**

If no Qualified Bids are received by the Bid Deadline, then the Auction will not occur and Vantage will be deemed the Successful Purchaser.  Subject to the termination rights under the Purchase Agreement, Debtor will immediately pursue entry of a Sale Order by the Court approving the Purchase Agreement and authorizing the sale of the Assets to Vantage.

## G.    Auction

In the event Debtor determines that one or more Bids are Qualified Bids, then Debtor will conduct the Auction on **December 17, 2014 at 9:00 a.m**. (the "Auction") with respect to the sale of the Assets at the offices of Vanden Bos & Chapman, LLP, 319 SW Washington St., Ste. 520, Portland, OR 97204, or at such other location as may be designated by Debtor.  The Auction will be conducted in accordance with the following procedures (the "Auction Procedures"):

1)      The Qualified Bidders, including Vantage, shall appear in person or through duly-authorized representatives at the Auction.

2)      Only Qualified Bidders, including Vantage, shall be entitled to bid at the Auction.

3)      Bidding at the Auction shall begin at the Starting Bid.

Page 4 of 7  BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S BUSINESS (11/19/2014 - 4:23 PM)

**EXHIBIT 1 - Page 4 of 7**
**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

4)     Subsequent bids at the Auction, including any bids by Vantage, shall be made in minimum increments of $25,000 or as otherwise agreed by the Bidders or as set by the Debtor.

5)     All bidding will be open and transparent to all persons permitted to attend the Auction.

6)     The bidding may be transcribed by a certified court reporter to ensure an accurate recording of the bidding at the Auction.

7)     Each Qualified Bidder will be required to confirm on the record at the Auction that it has not colluded with any other person with respect to the bidding or the Sale.

8)     The Auction shall be governed by such other procedures as may be announced by Debtor or its counsel from time to time at the Auction; provided that any such other procedures shall not be inconsistent with the Bid Procedures Order or any other order in Debtor's Chapter 11 case.

## H.     Acceptance of the Successful Bid

Upon the conclusion of the Auction (if such Auction is conducted), Debtor, in the exercise of its reasonable, good-faith business judgment, shall identify the highest or otherwise best bid (the "Successful Bid").  The Qualified Bidder having submitted the Successful Bid will be deemed the "Successful Purchaser."  The Successful Purchaser and Debtor shall, as soon as commercially reasonable and practicable, complete and sign all agreements, contracts, instruments or other documents evidencing and containing the terms upon which the Successful Bid was made.

Debtor will present the results of the Auction to the Court at the Sale Hearing, at which certain findings will be sought from the Court regarding the Auction, including, among other things, that (1) the Auction was conducted, and the Successful Purchaser was selected, in accordance with these Bid Procedures, (2) the Auction was fair in substance and procedure, (3) the Successful Bid was a Qualified Bid, and (4) consummation of the Sale contemplated by the Successful Bid is in the best interests of Debtor and its estate.

If an Auction is held, Debtor shall be deemed to have accepted a Qualified Bid only when (1) such bid is declared the Successful Bid at the Auction or by the Court, and (2) definitive documentation has been executed in respect thereof. Such acceptance is conditioned on approval by the Court of the Successful Bid and the entry of an Order approving such Successful Bid.

Page 5 of 7  BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S BUSINESS (11/19/2014 - 4:23 PM)

**EXHIBIT 1 - Page 5 of 7**

**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

## I.      Bankruptcy Court Approval of Sale

A hearing to consider approval of the sale to the Successful Purchaser (or to approve the Purchase Agreement if no Auction is held) (the "Sale Hearing") and seek entry of a Sale Order is presently scheduled to take place at **11:00 a.m. on December 18, 2014 Pacific Time** or at such other time as is announced at the auction by Debtor.  The Sale Hearing will be held before the Honorable Trish M. Brown, United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Oregon, in Courtroom No. 4 of the U.S. Bankruptcy Court, 1001 SW Fifth Avenue, 7th Floor, Portland, Oregon. Debtor and the Successful Purchaser, once the Successful Purchaser has been determined, shall each use their commercially reasonable efforts, and shall cooperate, assist and consult with each other, to secure the entry of a Sale Order in a form reasonably acceptable to Debtor and the Successful Purchaser.  Any objections to the Auction results must be filed with the Court by **5:00 p.m. Pacific Time on December 17, 2014**.

The Sale Hearing may be continued to a later date by Debtor by sending notice to all prospective bidders prior to, or making an announcement at, the Sale Hearing.  No further notice of any such continuance will be required to be provided to any party.

## J.      Designation of Back-Up Bidder

Upon the conclusion of the Auction and the selection of the Successful Purchaser, Debtor shall select the person submitting the next highest or otherwise best bid (the "Back-Up Bidder"). The bid of the Back-Up Bidder shall remain open until the second business day following the closing of a sale to the Successful Purchaser.  If for any reason the Successful Purchaser is unable or unwilling to consummate an approved sale because of breach or failure to perform on the part of the Successful Purchaser, the Back-Up Bidder shall be deemed to be the Successful Purchaser. The purchase price shall be the amount of such Back-Up Bidder's last bid, and Debtor shall be authorized to effectuate the sale to the Back-Up Bidder without further order of the Bankruptcy Court.  If, for any reason, the Back-Up Bidder fails to perform, Vantage agrees that if Debtor tenders full performance of all of its obligations under the Purchase Agreement to Vantage on or before **January 10, 2014**, and the Purchase Agreement is not otherwise materially breached by Debtor, Vantage shall purchase the Purchased Assets under the terms of the Purchase Agreement.

## K.      Intentionally Deleted.

## L.      Reservation of Rights to Modify Bid Procedures

Debtor reserves the right to modify these Bid Procedures in any manner that will best promote the goals of the bidding process and may impose, at or prior to the Auction, additional customary terms and conditions on the sale, including, without limitation,

Page 6 of 7  BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S BUSINESS (11/19/2014 - 4:23 PM)

**EXHIBIT 1 - Page 6 of 7**
**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

extending the deadlines set forth in these Bid Procedures, adjourning the Auction at the Auction, and/or adjourning the Sale Hearing in open court without further notice.

DATED this _____ day of _____, 2014.

VANDEN BOS & CHAPMAN, LLP


By:/s/Robert J Vanden Bos_____
    Robert J Vanden Bos, OSB #78100
    Of Attorneys for Debtor-in-Possession

Page 7 of 7  BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S BUSINESS (11/19/2014 - 4:23 PM)

**EXHIBIT 1 - Page 7 of 7**
**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

In re  Invest n Retire, LLC
Chapter 11 Bankruptcy Case No. 14-30772-tmb11

# EXHIBIT 2 to BIDDING ORDER

## SALE NOTICE

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF REGON

| | | |
|---|---|---|
| In re | ) | Case No. 14-30772-tmb11 |
| | ) | |
| Invest n Retire, LLC, | ) | NOTICE OF MOTION TO APPROVE |
| | ) | SALE OF BUSINESS TO HIGHER AND |
| | ) | BETTER BIDDER AT AUCTION, |
| | ) | AUCTION, BIDDING PROCEDURES, |
| | ) | SALE HEARING, AND OBJECTION |
| Debtor-in-Possession. | ) | DEADLINES |

**PLEASE TAKE NOTICE** that Invest n Retire, LLC ("Debtor") moved for approval of the sale of all or substantially all of its business assets as more particularly described in the Term Sheet described below (the "Assets") free and clear of all liens, claims and encumbrances to Vantage Benefits Administrators, Inc. ("Vantage"), if there are no higher and better offers from qualified bidders at an auction scheduled for **December 17, 2014** commencing at **9:00 a.m**.

The sale to Vantage is for the sum of $4,406,269.04, consisting of $1,170,156.71 cash at closing and $3,236.112.33 of promissory notes payable to Debtor's creditors, and would be pursuant to a Term Sheet for Proposed Asset Purchase and subsequently signed APA ("**Purchase Agreement**") entered into between Debtor and Vantage. A copy of the Term Sheet was filed with the Court, and may also be obtained by contacting Debtor's counsel.

Debtor believes that the sale to Vantage is in the best interests of the estate for the following reasons: (1) the down payment of $1,170,156.71 due at closing will pay all secured claims, all administrative claims and all priority claims; and (2) the notes to be issued pro rata to unsecured creditors payable by Vantage for the balance of the purchase price will pay approximately 92% of the unsecured claims when redeemed at the maturity date three (3) years from closing, plus pay monthly interest payments at the rate of 5% per annum.

The proposed order approving the sale provides that Vantage shall have no liability or responsibility for any liability or other obligation of Debtor arising under or related to the Assets other than as expressly set forth in the **Purchase Agreement**, and that the transfer of the Assets to Vantage will not subject Vantage or its affiliates, successors or assigns, or their respective properties, to any liability for claims against Debtor or the Assets by reason of such transfer.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 11 U.S.C. §§ 105 and 363, Debtor proposes to sell its assets to the Successful Bidder or Bidders and obtain an order providing and authorizing, *inter alia*, the following: (1) that the sale is free and clear of all

Page 1 of 3 NOTICE OF MOTION TO APPROVE SALE OF BUSINESS TO HIGHER AND BETTER BIDDER AT AUCTION, AUCTION, BIDDING PROCEDURES, SALE HEARING, AND OBJECTION DEADLINES (11/19/2014 – 4:18 PM)

**EXHIBIT 2 - Page 1 of 3**

**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

liens, claims, interests, obligation, and encumbrances; (2) that the Successful Bidder or Bidders have not assumed any liability or obligation (except as specifically assumed); (3) that Successful Bidder or Bidders is not or are not successors to Debtor; (4) that all persons that have been served with this Notice are bound by the order and are enjoined from pursuing Successful Bidder or Bidders to recover on any claims they may have against Debtor; and (5) that the sale agreement or agreements were entered into in good faith, without collusion, and from arms' length bargaining positions.

**PLEASE TAKE FURTHER NOTICE** that the Court entered an order authorizing Debtor to hold an auction to sell the Assets free and clear of all liens, claims, encumbrances and other interests, as provided in the **Purchase Agreement** if an overbid is received.  The auction, if one occurs, is scheduled for **December 17, 2014 at 9:00 a.m. Pacific Time** at the offices of Vanden Bos & Chapman, LLP, 319 SW Washington St., Ste. 520, Portland, Oregon.

**PLEASE TAKE FURTHER NOTICE** that the Court entered an order approving bidding procedures in connection with the sale and the auction.  A copy of the Bid Procedures can be obtained from Debtor's counsel.

**PLEASE TAKE FURTHER NOTICE** that competing bidders are required to submit competing bids in the minimum amount of $25,000.00 and otherwise qualify as bidders in accordance with the approved bidding procedures prior to **5:00 p.m. Pacific Time on December 15, 2014**.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the proposed sale to Vantage, or any higher and better bidder at the auction (the "Sale Hearing"), is scheduled to be held on **December 18, 2014 at 11:00 a.m. Pacific Time**, or at such later time as may be announced at the auction by Debtor, in Courtroom 4 of the United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth Avenue, 7th Floor, Portland, Oregon.

**PLEASE TAKE FURTHER NOTICE** that if you wish to object to the sale of the Assets, you must, on or before **December 15, 2014 at 5:00 p.m. Pacific Time**, file a written objection to the sale with the Clerk of the Court, United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth Avenue, 7th Floor, Portland, Oregon 97204.

**PLEASE TAKE FURTHER NOTICE** that **December 10, 2014 at 5:00 p.m. Pacific Time** (the "Deadline") is the deadline for any party to a contract or lease (the "Assumed Agreements") that Debtor proposes to assume and assign to Vantage (or other higher and better bidder at the auction) to object to the amount Debtor asserts must be paid to cure any existing defaults under the Assumed Agreements (the "Cure Amounts").  The Assumed Agreements and the Cure Amounts proposed by the Debtor will be set forth on an Assumption and Assignment Notice mailed to parties to those executory contracts or unexpired leases on or before **November 25, 2014**.

Page 2 of 3 NOTICE OF MOTION TO APPROVE SALE OF BUSINESS TO HIGHER AND BETTER BIDDER AT AUCTION, AUCTION, BIDDING PROCEDURES, SALE HEARING, AND OBJECTION DEADLINES
(11/19/2014 – 4:18 PM)

**EXHIBIT 2 - Page 2 of 3**

**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**PLEASE TAKE FURTHER NOTICE** that any party to an Assumed Agreement who disagrees with the Cure Amount or who objects to the assumption of its Assumed Agreement or to the assignment of its Assumed Agreement, must, on or before **December 15, 2014**, file with the Clerk of the Court, United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth Avenue, 7th Floor, Portland, Oregon 97204, a written objection stating the specific facts upon which the objection is based.

**PLEASE TAKE FURTHER NOTICE** that unless a timely objection is filed as to a Cure Amount scheduled by Debtor, the Cure Amount scheduled by Debtor shall be binding upon the nondebtor party to such Assumed Agreement for all purposes in this Chapter 11 case and will constitute a final determination of the total Cure Amount required to be paid in connection with the assumption and assignment of such Assumed Agreement.  Further, unless a timely objection is filed, no further evidence shall be required to satisfy the requirements for assumption and assignment, including, without limitation, any further evidence of adequate assurance of performance by Vantage or other qualified purchaser, and the nondebtor party to the Assumed Agreement shall be barred from objecting to the assumption and assignment of such Assumed Agreement and shall be deemed to consent to the assumption and assignment of the Assumed Agreement.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Cure Amounts and Debtor's proposed assumption and assignment of the Assumed Agreements is scheduled to be held on **December 18, 2015 at 11:00 a.m. Pacific Time**, or at such later time as may be announced at the auction by Debtor, in Courtroom 4 of the United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth Avenue, 7th Floor, Portland, Oregon.

Copies of any of the pleadings or documents referenced herein may be obtained by contacting Debtor's counsel, Robert J Vanden Bos' Certified Bankruptcy Assistant, Sara Parker (E-mail: sara@vbcattorneys.com; telephone:  503-241-4869).

DATED this _____ day of _____, 2014.

VANDEN BOS & CHAPMAN, LLP

By:/s/Robert J Vanden Bos_____
Robert J Vanden Bos, OSB #78100
Of Attorneys for Debtor-in-Possession
319 SW Washington St., Ste. 520
Portland, OR  97204
Telephone:  503-241-4861
Fax:  503-241-3731

Page 3 of 3 NOTICE OF MOTION TO APPROVE SALE OF BUSINESS TO HIGHER AND BETTER BIDDER AT AUCTION, AUCTION, BIDDING PROCEDURES, SALE HEARING, AND OBJECTION DEADLINES (11/19/2014 – 4:18 PM)

**EXHIBIT 2 - Page 3 of 3**

**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

In re  Invest n Retire, LLC;
Chapter 11 Bankruptcy Case No. 14-30772-tmb11

## CERTIFICATE - TRUE COPY

DATE:              November 19, 2014

DOCUMENT:      DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE
                 PROCEDURES; (B) SALE OF DEBTOR'S BUSINESS FREE AND CLEAR
                 OF LIENS, CLAIMS AND ENCUMBRANCES; AND (C) ASSUMPTION AND
                 ASSIGNMENT OF EXECUTORY CONTRACTS (Expedited Hearing on Bid
                 Procedures Requested)

       I hereby certify that I prepared the foregoing copy of the foregoing named document
and have carefully compared the same with the original thereof and it is a correct copy
therefrom and of the whole thereof.

## CERTIFICATE OF SERVICE

       I hereby certify that I served a copy of the foregoing on:

Invest n Retire, LLC                      Lucian B. Murley, Esquire
Attn:  Darwin K. Abrahamson, Manager      Saul Ewing LLP
506 SW 6th Ave., Ste. 1200                222 Delaware Avenue, Suite 1200
Portland, OR  97204                       P.O. Box 1266
                                          Wilmington, DE 19899

by mailing a copy of the above-named document to each of them in a sealed envelope,
addressed to each of them at his or her last known address.  Said envelopes were deposited
in the Post Office at Portland, Oregon, on the below date, postage prepaid.

       I hereby certify that the foregoing was served on all CM/ECF participants through the
Court's Case Management/Electronic Case File system on the date set forth below.

       Dated:  November 19, 2014

                 VANDEN BOS & CHAPMAN, LLP


                 By:/s/Robert J Vanden Bos
                     Robert J Vanden Bos, OSB #78100
                     Of Attorneys for Debtor-in-Possession